GENOVESE, J.,
concurs in part, dissents in part, and assigns the following reasons:
Li concur with the affirmation of the trial court’s assessment of costs; however, I dissent from the majority in its affirmation of the trial court’s change of beneficiary designation.
There was nothing in the record to support the trial court’s “reformation” of the insurance contract. There was no ambiguity. The decedent was an educated, retired military woman with twenty-four years of military service who had engaged in several insurance transactions with Occidental Life just prior to her death and had confected a last will and testament less than five months prior to her death. She had terminal cancer and was aware of her impending death. She had strategically gotten her affairs in order just prior to her death. On her own volition, she knowingly executed a change of beneficiary on the appropriate insurance forms on one of her life insurance policies which was designated by her as the “M” policy.
The trial court found ambiguity in the transaction, reformed the insurance contract, and on its own changed the policy designation from the “M” policy to the “H” policy, ignoring the signed declaration of the decedent. The end result is that the trial court unilaterally changed the decedent’s designation of beneficiary.
12In effect, the trial court and the majority of this court have superimposed what they think was the intent of the decedent in changing the beneficiary designation on one of her life insurance policies. There was no rational basis of fact in the record to support such action. This sets a bad precedent and opens Pandora’s box. In the future, a trial court will be able to delve into the intent of a decedent in his or her change of beneficiary designation. *562 This invites litigation by the living over the intent of the dead and invades the sanctity of the decedent’s beneficiary designation when he or she will no longer be around to defend same. That leads to absurd consequences. In my opinion, the trial court was manifestly erroneous and clearly and legally wrong in changing the decedent’s beneficiary designation on her life insurance policy against the written declaration of the decedent without legal grounds therefor. I would reverse the trial court and uphold the decedent’s beneficiary designation on her life insurance policy.